Was served on January 2nd. It was followed by a hearing notice that the defendant doesn't recall receiving or not receiving on January 8th for a January 9th hearing. So one day after the hearing, the defendant was not able to receive a hearing notice. to the removal hearing. And as the court and the government discussed later whether or not a hearing notice counsel, I said one day at best, the hearings at 830 in the morning. It was faxed out at some point the previous day, even assuming good service. We don't know how late in the day. And he says, of course, that he was just taken out of his cell that morning. But at best, he had something less than a 24 hour day. Isn't that pretty clear? I think that's a that's a fair reading of the of the record, your honor, is that it was 24 hours or less prior to the hearing. He did receive notice. So then turning to this discussion of time, timeliness, the government will first reiterate that the timeliness question, while it is certainly relevant in respect to whether or not these proceedings were full, fulsome and with respect to a respondent's procedural rights. They don't speak to subject matter jurisdiction. They don't speak to the lawful authority of the immigration court to hear the case. And here, although the respondent doesn't contest the service of a hearing notice, doesn't contest the service of an NTA is essentially. So I don't have to meet the requirements. 1326 D, I don't have to show that my rights were prejudiced in any way or that I pursued my administrative remedies. And again, the district court made a similar finding here, basically implementing a 10 day requirement that it pulled from a non jurisdictional statute to find lack of jurisdiction caused by service of a hearing notice less than 10 days. So although the hearing notice here was served less than one day or less prior to the removal hearing, had it been served nine days prior to the removal hearing pursuant to the district court's order, nonetheless, the immigration court would have lacked jurisdiction over this respondent in that just frankly is an unreasonable timeline, given that it directly incorporates a statute that this court has already held, has nothing to do with jurisdiction. Other than that, the facts of this case are, at least in the relevant ways, very similar to the other cases that have been argued. So unless any of the judges have any questions for the government address, the government will cede the remaining amount of its time, reserving two minutes for rebuttal if deemed necessary. I'd like to just make sure I have this clear that this is another one of the cases, however, where it was less than 10 days from even the NTA. So even if we say the NOH, we're not going to worry about that. It was less than 10 days from the NTA, correct? That's correct, Your Honor. This was seven days between the service of the NTA and the initiation of the first removal hearing. Would the government contend that he had a valid waiver of the 10 days? The government would contend that remand on that issue is necessary. If the waiver were relevant to the court's analysis here, we believe it would be if the defendant below had raised some sort of procedural due process claim, which he hasn't. He's merely raised... I think it may be because we're always, most of the time we're in the circumstance of the government being the appellee. But here the government is the appellant and the guy has not been convicted or tried. So it has to be, quote, remanded. And is there any particular reason that, other than deciding that there was jurisdiction below, that we should address any of these other issues? That is, if we give the government the win, let's take the strong position. The NTA is jurisdictional, all the rest of the jurisdiction's out. Why shouldn't we just say, fine, he's up before the district judge. He can raise, you know, any defenses that he's got. At that point, because otherwise we're dealing in multifarious semi-hypotheticals here that aren't really before us that would be more appropriate after a trial and conviction. Want to take a crack at that? If this court were to find that jurisdiction did indeed invest with the immigration court upon service of the NTA with the immigration court, as the government urges here, then remand would be necessary regardless of whatever analysis this court reached, because we don't have a conviction yet. But the court, this court, couldn't reach any issue other than the jurisdictional issue. Their issue was raised by the appellee here. So the waiver, the validity of the waiver, the knowing and intelligent character of that waiver, those are open fact questions for the court, but they don't, they're not relevant to the issue here, which is jurisdictional, which is the only issue that's been raised by the appellee that was raised below and is raised here today. So remand would be necessary, but remand would also be. Yes, Your Honor. Take that avenue, then in effect, aren't we ruling neither for or against you or the petitioners in all of these other issues that they really ought to come up in the first instance before the district court, if they raise them, if there isn't a, you know, if there isn't a settlement or a plea bargain or anything, let them all be hashed out. There, that the only thing we need to decide or that we, that we have to decide is raw jurisdiction. I know you'd like the issue of jurists. You'd like to have a win on all of these other issues as well for us to say you lose on them, but isn't the better judicial economy to leave that to the district court in the first instance? The only issue that the government can win or lose is the jurisdictional question. There are there is no other issue before the court. So if the court were to address the issue of the validity of the waiver of the 10 day period or a waiver of an appeal in this or any of the other cases raised, it would essentially be deciding those waivers sort of in a vacuum because there's no procedural claim that's been tied to them by the appellees. Merely just stated that the immigration court didn't have jurisdiction. Full stop. I don't have to show one, two, three. And so the waiver is only relevant when there is a procedural violation. The appellee is not raising a procedural violation in any of these cases. He's raising a question about the immigration court's lawful authority to even have him in the courtroom from the get go. And so if this court were to decide the waiver, which again, I think the appropriate way to handle that would be remand because it's such a fact intensive question anyways, is it would be doing it in a vacuum without any connection to a procedural violation. So these matters would have to be canceled. And I'm reluctant to reach back to one of our prior cases. But both counsel are here, at least in the case involving the voluntary departure issue. That is an issue that both sides have asked the court to rule on. In that particular case, your honor, to put it more specifically, in that particular case, the parties are asking this court to decide the aggravated felony issue because if this court determines that it was an aggravated felony at the time, which it was under the current law existing at the time, but further, that the immigration judge did not violate due process rights by declaring it an aggravated felony and not adjudicating a voluntary departure. Order then this court also doesn't have to reach the waiver of appeal issue because right. I was by the third one. I don't want to get us to too much in the merits of a case that has already been submitted. So so sorry. I even asked, I think. I hope I did adequately address it. If any of the other judges have questions, I'll happily address those. If not, the government will see the remaining remainder of its time. Very well. Thank you, counsel. So let's hear then from Mr. Shelton. Hello again, your honors. One final time. Paul Shelton, counsel for Mr. Jose Gonzalez Valencia in 19-30222. Your honor, we do have two similar issues in this case that we've previously addressed. One, that the notice of hearing and notice to appear were both served less than 10 days prior to the removal hearing. I'll address the impact of the waiver and the request for prompt hearing in a second. And second, that there was faxed service of the notice of hearing. So I think this court can affirm the district court's ruling on two possible grounds. One, two-step notice was never completed because there's not sufficient proof that Mr.  In his declaration, which is before the record in this case at SER 2, Mr. Gonzalez Valencia said he did not recall ever being served with a copy of the notice of hearing. There's no record contemporaneously of the judge confirming receipt because here we also do not have the recording of the removal hearing, and there's no record on the removal order itself from the judge saying, yes, I verified he received the subsequent notice. Um, judges never ask that in removal hearings. They ask if they received the notice to appear. They never ask about the notices of hearing. Now, with respect to the notices being served less than 10 days prior, and the fact that the defendant signed a request for prompt hearing, here too, the defendant said in his declaration, again at SER 2, that that section was not translated to him. So he did not know what he was signing. But even if we assume that he knowingly said, I want a hearing sooner than 10 days from now, I think we, um, may be missing a more substantive point. Under Karen Githy, and for me, there must be two-step notice. There must be a notice to appear, which is defective, and a notice of hearing, which cures those deficiencies. And what this court indicated in Karen Githy is that it should be cured in a timely fashion. What does timely mean? At this point, we don't know. What this court appears to be considering is to saying, well, timely means at least 10 days, because that's what section 1229B says. Now, I don't think this court would be relying exclusively on 1229B, because that's not what 1229B says. It does not say service must be at least 10 days prior to vest jurisdiction. What this court would be doing is saying, we read timely cure of the notice that was deficient to mean at least 10 days, because then it would comply with 1229B. It would comply with all the reasons the Supreme Court cited in Pereira about why 10-day notice is a good minimum to give non-citizens a chance to get counsel, prepare for the hearing, et cetera. So then the court confronts, well, what if defendants sign the request for prompt hearing? What effect does that have? It's not disputed that defendants and non-citizens cannot waive subject matter jurisdiction. A defendant cannot say, yes, I know this court doesn't have subject matter jurisdiction over me, but I want to proceed anyway. I'm willing to waive that. If a court, whether an article court or an immigration court, lacks subject matter jurisdiction, it's a ballgame. If you lack jurisdiction, defendants cannot waive it. So to the extent we're asking this question, well, what is the effect of this waiver? Do we need to remand to determine if this waiver was knowing and intelligent? We do not, if the 10-day timeliness relates to jurisdiction, because defendants cannot waive that. And that's ultimately what this court has to remember, is that even if this court adopts 1229B's 10-day time notice requirement, it's doing so in context of the question, what is required to vest jurisdiction in an immigration court? And under Karen Githy and Tremaine, what is required is first, service of a defective notice to appear, and second, notice of a curative notice of hearing. And if this court says that timely cure must be at least 10 days prior, then defendants can't waive that. So the waiver will be completely irrelevant if the court holds the timeliness affects jurisdiction. And unless your honors have more questions about either the fact service issue or the 10-day notice, that's all the substantive argument that I think distinguishes this case from the other three cases that we've previously argued. Okay, other questions by my colleague? And your honors, in that case, I would just, for sake of the court's convenience, tee up one point. This is not addressed in any of the four cases we've just argued. The court does have a fifth case without me and Mr. Burson. On its docket today, that among other things, does address a Pereira-related issue. In Aguilar-Reyes, there's, I think, very good briefing by the parties on the question of deference. And that did come up in one of our hearings today. What do we say about Fermin deferring to Rosales-Vargas? And what does that deference mean? And frankly, what did Karen Githy's deference to the BIA in that case mean? And I think there is an argument that the court inappropriately deferred to the BIA in both of those cases based on the Supreme Court's subsequent decision in Kaiser v. Wilkie. And there is really thorough briefing on that issue in Aguilar-Reyes. I don't know if the court intends to address that in that case. But what I would argue to the court is that ultimately, in all these cases, if this, and so in Karen Githy and Fermin, we've said two-step notice applies, and that's how we're going to decide it. I think there is an ultimate deference that does need this court's attention. It wasn't, again, briefed in any of these four cases, because it didn't get addressed in the district court, and it hasn't been an issue on the record here. But I would encourage the court to look at that closely, because this Pereira issue is significant too. Since we've raised Niz Chavez, isn't the discussion of deference in that? We don't know what they're going to do with it, but certainly my impression was in the briefing and oral argument, that was something that was raised. We know there's some members of the Supreme Court that are quite interested in deference. I would concur with that, Your Honor. I think it's clear the Supreme Court's looking at this deference question in Niz Chavez. And I think, as I recall the argument, I believe Kaiser came up at argument. So I think that is ultimately going to shed a lot of light on these Pereira cases going forward. And unless the judges have any other questions about anything else, I would concede the rest of my time. Okay, very well. Thank you, Your Honors. Thank you. The government have anything it wants to add in this case? No, Your Honors. The government will submit as well. Very well. Thank you both. Counselor Valencia is submitted. We thank counsel for their helpful argument. These are interesting cases. They are, of course, all intertwined in their subject matter, but you've both been shown great knowledge of your cases and the law, and that's very helpful to us. So we thank you both. The case has started to submit. As I indicated, we will now hear arguments in a final case for the day, which is United States versus Aguilar-Reyes, in which we have different counsel.
judges: Boggs, M. Smith, Bennett